1  Rinat Klier Erlich (State Bar No. 188933)
     *rke@manningllp.com*
2  Jeffrey W. Korn (State Bar No. 150978)
     *jwk@manningllp.com*
3  Jessica Rosen (State Bar No. 294923)
     *jwr@manningllp.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999

Attorneys for Defendant ALLIED
BENEFIT SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| | |
|---|---|
| KIMBERLY CUSACK-ACOCELLA, an individual; SCOTT LANGER, an individual; MICHAEL HENRY, an individual; JANICE SMOTHERS, an individual; and GRACE OUDIN, an individual, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DUAL DIAGNOSIS TREATMENT CENTER, INC., a California corporation doing business as SOVEREIGN HEALTH; TONMOY SHARMA, an individual; KEVIN GALLAGHER, an individual; DAVID TESSERS, an individual; and ALLIED BENEFIT SYSTEMS, INC., an Illinois corporation,<br><br>Defendants. | Case No. 8:18-cv-01009-AG (KESx)<br><br>The Hon. Andrew J. Guilford<br>Courtroom 10D<br><br>**[PROPOSED] STIPULATED QUALIFIED PROTECTIVE ORDER FOR DISCLOSURE OF HEALTH INFORMATION; FEDERAL RULE OF CIVIL PROCEDURE 26(c); 45 CODE OF FEDERAL REGULATIONS SECTIONS 164.512(e)(1)(ii) and 164.512(e) (1)(v)**<br><br>Trial Date: 7/16/2019 |

///

///

///

///

4817-1203-9814.1

**STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER**

# 1. AGREEMENT OF THE PARTIES

1.1 The parties and their attorneys are hereby authorized to transmit and receive protected health information ("PHI") pertaining to the putative class described in Plaintiff's First Amended Complaint. This transmission of PHI is required to comply with formal discovery requests served in the above entitled action by Plaintiffs on Defendant Allied Benefit Systems, Inc. The parties have mutually agreed to enter a protective order that is a "qualified protective order," as that term is defined by 45 Code of Federal Regulations Section 164.512(e)(1)(v), and mutually agree to remain in full compliance with the privacy protection requirements imposed by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") (45 C.F.R. Section 164) and the Confidentiality of Medical Information Act ("CMIA")(California Civil Code Sections 56 – 56.37). This Order applies both to PHI and to other confidential and private information regarding the putative class.

# 2. DEFINITIONS

2.1 Challenging Party: a Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" " Information means "protected health information" and shall have the same scope and definition set forth in 45 C.F.R. Section 160.103 and 164.501, and includes information relating to (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual, regardless of how it is generated, stored or maintained, or tangible things that qualify for protection under HIPAA and/or CMIA.

2.3 Producing Party or Designating Party: a Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.4     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.5     Protected Material:  any Disclosure or Discovery Material that is designated as CONFIDENTIAL or AEO CONFIDENTIAL.

2.6     Receiving Party:  a Party that receives Disclosure or Discovery Material that is Protected Material.

2.7     AEO Confidential: Documents that disclose diagnosis or treatment information about the putative class members, which are designated as AEO CONFIDENTIAL or Attorney Eyes Only Confidential.

2.8     Final Disposition:  The entry of a judgment and conclusion of all post-trial motions and expiration of all appeals, or (b) a stipulated dismissal of the entire action.

## 3. SCOPE

3.1     The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. DURATION

4.1     Even after final disposition of this litigation (as provided in section 9), the confidentiality obligations imposed by this Order shall remain in effect.

## 5. DESIGNATING PROTECTED MATERIAL

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under

HIPAA and/or CMIA or otherwise discloses private or confidential information regarding the putative class.

5.2  Manner and Timing of Designations:  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:  (a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "AEO CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). (b)  for testimony given in deposition or in other pretrial or trial proceedings that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

5.3  Inadvertent Failures to Designate:  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1  Timing of Challenges:  Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2 Meet and Confer:** If a dispute arises concerning a designation, or challenge to a designation, of confidentiality, counsel for the parties shall confer in a good faith effort to eliminate the necessity for a motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for this conference. If both counsel are located within the same county of the Central District, the conference shall take place in person at the office of the moving party's counsel, unless the parties agree to meet someplace else. If both counsel are not located within the same county of the Central District, the conference may take place telephonically. Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such conference. The moving party's letter shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought. The parties may also the option of resolution by informal, telephonic discovery hearings, as described on Judge Karen E. Scott's website at the time of the dispute.

**6.3 Judicial Intervention:** Any Motion must comply with the requirements of Central District Local Rule 37-2 and must include a joint stipulation in the form set out in Local Rule 37-2.1. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming the movant has complied with the meet and confer requirements by paragraph 6.2.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this

Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 9 below (FINAL DISPOSITION).

7.2 Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL" only to:

(a) Counsel of record, in-house counsel, and their support staff;

(b) Retained experts, Professional Vendors, and other counsel who are assisting in this litigation who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(c) the court and its personnel, including courtroom court reporters;

(d) privately-retained court reporters and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Parties or ordered by the court, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(g) this Order remains in effect until the entry of a new Order by the Court. The parties shall meet and confer and enter a stipulation within 30 days from the date of this Order, but if meet and confer efforts are unsuccessful, the parties agree to hold a further telephonic informal discovery conference in an effort to resolve any additional issues that may arise with regard to this Order. Pending

further Order of the Court, Protected Material which is designated AEO Confidential shall not be disclosed to the Parties to this litigation, but shall be restricted to the categories provided as (a) through (f) above.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

    8.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Protected Material that Party must:

        (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

        (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Qualified Protective Order; and

        (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    8.2    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **FINAL DISPOSITION**

    9.1    "Final disposition" Within 30 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this

4817-1203-9814.1

7

**STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER**

subdivision, "all Protected Material" includes all copies, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party or Designating Party by the 30 day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 24, 2019     **MANNING & KASS**
                            **ELLROD, RAMIREZ, TRESTER LLP**


By: /s/ Jessica Rosen
Rinat Klier Erlich
Jeffrey Korn
Jessica Rosen
Attorneys for Defendant ALLIED
BENEFIT SYSTEMS, INC.

DATED: January 24, 2019     **LAW OFFICES OF WILLIAM REILLY**
**GLYNN & FINLEY, LLP**

By:     /s/ Johnathan A. Eldridge
        Adam Friedenberg
        Jonathan A. Eldredge
        Adam M. Rapp
        Attorneys for Plaintiffs

DATED: January 24, 2019     **LAW OFFICES OF RUSSELL G. PETTI**

By:     /s/ Russel G. Petti
        Russel G. Petti
        Attorneys for Defendants Dual Diagnosis
        Treatment Center, Inc. dba Sovereign
        Health, Dr. Tonmoy Sharma, Kevin
        Gallagher and David Tesser

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: January 25, 2019

        Hon. Karen E. Scott
        Judge, United States District Court

4817-1203-9814.1

9

**STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Qualified Protective Order that was issued by the United States District Court in the case of *Kimberly Cusack-Acocella; et al. v. Dual Diagnosis Treatment Center, Inc.; et al.*, Case No. 8:18-cv-01009-AG (KESx), and I agree to comply with and to be bound by all the terms of this Qualified Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Qualified Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

4817-1203-9814.1

10

**STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER**