1   GLYNN & FINLEY, LLP
    ADAM FRIEDENBERG, Bar No. 205778
2   JONATHAN A. ELDREDGE, Bar No. 238559
    ADAM M. RAPP, Bar No. 280824
3   One Walnut Creek Center
    100 Pringle Avenue, Suite 500
4   Walnut Creek, CA 94596
    Telephone:   (925) 210-2800
5   Facsimile:   (925) 945-1975
    Emails:      afriedenberg@glynnfinley.com
6                jeldredge@glynnfinley.com
                 arapp@glynnfinley.com
7

8   LAW OFFICE OF WILLIAM REILLY
    WILLIAM B. REILLY, Bar No. 177550
9   86 Molino Avenue
    Mill Valley, CA 94941-2621
10  Telephone:   (415) 225-6215
    Facsimile:   (415) 225-6215
11  Email:       bill@williambreilly.com

12  Attorneys for Plaintiffs

13                     UNITED STATES DISTRICT COURT

14                    CENTRAL DISTRICT OF CALIFORNIA

15  KIMBERLY CUSACK-ACOCELLA,        )   **Case No.** 8:18-cv-01009-AG (KESx)
    an individual, SCOTT LANGER, an  )
16  individual, MICHAEL HENRY, an    )
    individual, JANICE SMOTHERS, an  )   **PLAINTIFFS' BRIEF RE**
17  individual, and GRACE OUDIN, an  )   **SOVEREIGN'S FAILURE TO**
    individual, KASSI NYE, an individual, )   **RESPOND TO DISCOVERY**
18  and LISE STEPHENS, an individual, )
    on behalf of themselves and on behalf )   Date:    April 4, 2019
19  of all others similarly situated, )   Time:    9:30 a.m.
                                     )   Crtrm:   6D (Santa Ana Division)
20              Plaintiffs,          )   Judge:   Hon. Karen E. Scott
                                     )
21      vs.                          )
                                     )
22                                   )
    DUAL DIAGNOSIS TREATMENT         )
23  CENTER, INC., a California       )
    corporation doing business as    )
24  SOVEREIGN HEALTH, TONMOY         )
    SHARMA, an individual, KEVIN     )
25  GALLAGHER, an individual, DAVID  )
    TESSERS, an individual, and ALLIED )
26  BENEFIT SYSTEMS, INC., an        )
    Illinois corporation,            )
27                                   )
                Defendants.          )
28  _____ )

───────────────────────────────────────────────

PLAINTIFFS' BRIEF RE SOVEREIGN'S DISCOVERY

On March 29, 2019, the Court held an informal discovery conference among Plaintiffs and Defendant Dual Diagnosis Treatment Center, Inc. ("Sovereign"). Following that conference, the Court ordered the parties to meet and confer as to two issues identified in Plaintiffs' brief:  Sovereign's incomplete document production and email searches.  (Dkt. No. 138.)  The parties met and conferred and Plaintiffs request the Court's guidance on the remaining issues.  (Exhs. A-B.)

Email Searches.  Sovereign confirmed that its email search was limited in nature.  (Exh. A at 1.)  First, it excluded a search of one of the most important custodians, defendant Tonmoy Sharma, who has been described by Sovereign as "the ultimate decisionmaker for important decisions at Sovereign."  (Exh. C at 16:8-9.)  Second, the search terms were primarily directed at *external* communications with Allied and Burnham rather than internal communications among Sovereign's management staff.

In order to remedy this limited search, Plaintiffs provided Sovereign a proposed list of custodians, a date range and search terms to conduct an adequate search of the Sovereign email server.  (Exh. B at 2-4.)  Plaintiffs went through the same process with third-party Burnham when it subpoenaed Burnham's records, and Burnham produced documents without issue.  Sovereign, however, rejected Plaintiffs' request to conduct a reasonably tailored search.  Thus, Plaintiffs request that the Court order Sovereign to conduct a search based on the terms set out in Plaintiffs' email, and produce documents by April 16, 2019 (the fact discovery cutoff date).

Bank Records.  Sovereign has indicated it has additional bank records (Exh. A at 1-2) and that Mr. Tessers would be able to assist in locating "additional useful documents" (*id.* at 3).  Plaintiffs request that the Court order that the search for bank records be completed and documents produced by April 16, 2019.

Payroll Deductions.  Plaintiffs sought payroll deduction information (i.e., the amount Sovereign deducted from its employees' paychecks to pay for their health

- 1 -

1    insurance) in two forms:  (1) a special interrogatory requiring Sovereign to itemize
2    the payroll deductions (Exh. D at 8:14-9:9); and (2) documents related to payroll
3    deductions.  Sovereign responded to the former by invoking FRCP 30(d), and then
4    failed to identify or produce documents responsive to the latter.  In other words,
5    Sovereign has provided no responsive information on a central issue in the case.

6    Sovereign claims it has complied with its obligations to produce documents
7    related to payroll deductions because (1) it provided a spreadsheet for deductions in
8    2015 (i.e., two years before the relevant time period); (2) it provided a spreadsheet
9    for 2017 open enrollment benefit elections (dated December 21, 2016), which by
10   Sovereign's own admission does not contain the amount of deductions; and (3) a
11   document showing the amounts to be deducted per paycheck.  (Exh. A at 2.)  No. 1
12   is irrelevant, and Nos. 2 and 3 do not provide sufficient information.  No. 2 is a
13   spreadsheet from 2016 about benefit elections in 2017.  However, the enrollees in
14   the Plan change from month to month as people are removed or added, and by law
15   enrollees are able to change their benefit elections throughout the year in certain
16   circumstances (e.g., change in marital status or number of dependents).  Thus, this
17   information may be useful in determining the amount of payroll deductions in
18   January 2017, but does not assist the parties for the months thereafter.

19   As a compromise, Plaintiffs offered to withdraw these requests if Sovereign
20   would stipulate that the information contained within a spreadsheet prepared by
21   Sovereign and produced by Michael Henry (Sovereign's former Director of Human
22   Resources) was accurate—the spreadsheet outlines all payroll deductions made in
23   2017 and 2018.  (Exh. B at 6.)  Sovereign has not accepted the offer.  The
24   spreadsheet is PLTF_0000545, which has previously been produced, and a copy of
25   which was provided to Sovereign during meet and confer efforts.

26   Plaintiffs request that the Court order that Sovereign either (1) stipulate that
27   PLTF_0000545 accurately reflects the amount of employee deductions made from
28   Sovereign employees in 2017 and 2018; or (2) by April 16, 2019, search for and

1  produce documents sufficient to show all employee deductions made during 2017,

2  including contacting Sovereign's former payroll provider Ceridian to acquire such

3  information.

4       <u>Corporate Formalities</u>.  Sovereign has produced corporate documents,

5  including board minutes and resolutions, from 2016 and earlier; it has not produced

6  any such corporate documents (despite references in emails that meetings occurred)

7  for 2017 and 2018.  Plaintiffs request that the Court order Sovereign to search,

8  including making a request to Sovereign's corporate counsel for such documents,

9  and produce such documents by April 16, 2019.

10       <u>Mr. Sharma's Ownership of Sovereign</u>.  Sovereign has admitted that no such

11  documents have been produced, but that Mr. Sharma himself may be able to locate

12  such documents.  Plaintiffs request that the Court order Sovereign to search,

13  including involving Mr. Sharma in the search process, and produce such documents

14  by April 16, 2019.  This information is relevant as Plaintiffs have made alter ego

15  allegations, and evidence produced in the case indicates that Sovereign funded the

16  Plan through a web of affiliated companies.

17       <u>Document Productions</u>.  In Sovereign's meet and confer correspondence, it

18  has made clear that it has not completed its document productions.  (*See, e.g.,* Exh.

19  A at 1 ("I have not yet produced all these emails, as I have not yet had a chance to

20  review them.")  As the fact discovery cutoff is approaching, Plaintiffs request that

21  Sovereign be ordered to finish all document productions by April 16, 2019.

22       <u>Declaration Regarding Compliance</u>.  Similar to before, Plaintiffs request that

23  Sovereign be ordered to submit a declaration stating that it has complied with the

24  Court's discovery orders, including Dkt. No. 138, by April 16, 2019.

25

26       Dated: April 3, 2019          GLYNN & FINLEY, LLP

27

28                          By    /s/ Jonathan A. Eldredge
                           Attorneys for Plaintiffs

PLAINTIFFS' BRIEF RE SOVEREIGN'S DISCOVERY

# EXHIBIT A

# Russell G. Petti

The Law Office of Russell G. Petti          *E-mail: Rpetti@petti-legal.com* • www.petti-legal.com

April 2, 2019

**Via EMail**
Jon Eldredge
Glynn & Finley, LLP
100 Pringle Ave.
Walnut Creek, CA 94596

     **Re:** *Acocella v. Sovereign*, 8:18-cv-01009-AG-KES

Dear Jon:

I write to address those issues in your March 7, 2019 email that were not already addressed by the Court.

First, with respect to search terms used in the email production, we searched the accounts of Mr. Tessers, Mr. Gallagher, Ms. Cushenberry, Ms. Warmstein, Mr. Henry, Mr. Kaul, Mr. Verma, and Mr. Khor.  The search terms used were "@alliedbenefit.com," "@burhambenefits.com," "Allied Benefit Notifications" and "Accounting Premium Statements."  I have not yet produced all these emails, as I have not yet had a chance to review them.

You ask why no search was made in Dr. Sharma's account.  This is because, as you can see from the thousands of pages of emails that I have produced, he wrote and directly received very few emails regarding the Plan.  Typically, when he was involved in an email chain he was only copied on the email, and was neither its sender nor its direct recipient.  As such, we decided that searching his account would yield nothing but duplicates of emails from the above persons' accounts.

As to the records of U.S. Bank, I have been in touch with Robin LoGuidice's office, and a member of her staff told me that U.S. Bank was subpoened, but it refused to comply with the subpoena.  I asked her to send me the documents evidencing this, and she represented that she would do so.

I will forward Ms. LoGuidice's documents to you upon receipt.  Further, as I previously indicated, I myself have located some US Bank documents on the SharePoint system.  They are in the queue for production, as soon as I get an opportunity to review them.

---

**466 Foothill Blvd. # 389 • La Canada, CA 91011**
**Tel: (818) 952-2168 • Fax: (818) 952-2186**

Jon Eldredge
April 2, 2019
Page No. 2

That being said, according to the documents I have reviewed, Sovereign's U.S. Bank account number was 90-3582/1222.  The account was located at the following branch:

U.S. Bank
4100 Newport Place, Ste. 100
Newport Beach, CA 92660.

You also complain about a lack of documents in a number of specific categories.  I don't think this complaint is well taken, as Sovereign has produced a significant amount of documents in all but one of the identified categories.  I will address these categories in turn:

**Documents related to payroll deductions:** As I told the Court, contrary to your statements to the Court, I have produced hundreds of pages related to payroll deductions.  See, for example, pages 3627 through 4377, which provide detailed information regarding payroll deductions for each employee.

I recognize that these documents show deductions over the 2015 period, which you might argue are not relevant (although neither the specific request nor your statements to the Court were limited as to time).  However, I have also produced Sovereign's 2017 Open Enrollment spreadsheet, which identifies the specific health coverage for each employee for that year.  This spreadsheet begins at 8070, and runs through 8765.  I realize that the spreadsheet is difficult to read in its non native format, however now that the Court has signed the amended protective order I will be producing the excel version of the spreadsheet, hopefully by the end of the week.

I note that this spreadsheet does not contain the amount of the deductions.  However, it does specify the precise coverage and the number of persons covered, and the amount of the deduction can be determined from that information.  A document showing the amount of the deduction, based on the type of coverage and whether the coverage is for just the employee, the employee and spouse, the employee and child, or the entire family, is at 2927.

**Documents related to claims:** Again, contrary to your email, I have produced hundreds of documents related to claims made and paid.  Look for example, at the spreadsheets beginning at 5465 and 13512.  Again, these may be difficult to read in their non native format, but I will be producing the spreadsheets in excel format.

**Documents related to the ASA:** As you are aware your client, Mr. Henry, signed the ASA, and the testimony of four witnesses is undisputed that he was Sovereign's point of contact with respect to that document.  I have provided you with all of Mr. Henry's email communication with Allied, from 13578 through

Jon Eldredge
April 2, 2019
Page No. 3

15011.  If there are any communications regarding the negotiation and execution of the ASA, this is where they would be located.

**Documents related to Dr. Sharma's authority, ownership and fund transfers:** While I am not entirely sure what you are looking for here, to the extent that you are seeking evidence that Dr. Sharma misappropriated monies from Sovereign we have provided tens of thousands of pages of bank records.  I know that you claim that these are not for the relevant period, but given Sovereign's relationship with B of A lasted through mid 2017 they should at least provide some reassurance that none of Sovereign's money was flowing to Dr. Sharma during that period.

As to Dr. Sharma's ownership of Sovereign, I recognize that nothing has yet been produced.  On the other hand, at present we have only looked for documents in the Sovereign document repository, where documents showing Sovereign's ownership were unlikely to be located.  Now that Dr. Sharma himself has been asked for documents related to Sovereign's ownership we will hopefully locate some responsive documents.

**Documents related to corporate formalities:** Again, I have previously produced hundred of pages of board minutes and resolutions showing Sovereign's observance of corporate formalities.  These documents are contained at 1 through 287.

Finally, as to increasing the involvement of my clients in the search for documents, I have asked Mr. Gallagher and Mr. Tessers about their familiarity with the SharePoint system.  While Mr. Gallagher indicated that he would be of no assistance, Mr. Tessers stated that he might be able to assist in locating additional useful documents, such as the US Bank statements that I have not yet been able to locate.

Mr. Tessers is currently on vacation out-of-state, but will be returning Sunday.  So, we will be giving him access to the system next week, and he will try to see if he can do better at locating responsive documents than Mr. Rozelle and myself.

Very truly yours,

/S/ *Russell G. Petti*
Russell G. Petti

# EXHIBIT B

**Jon Eldredge**

| | |
|---|---|
| **From:** | Jon Eldredge |
| **Sent:** | Tuesday, April 02, 2019 4:06 PM |
| **To:** | 'Russ Petti' |
| **Cc:** | Adam Friedenberg; 'Brian Smith'; Adam Rapp |
| **Subject:** | RE: Acocella v. Sovereign |

Russ,

The discovery cutoff is April 16, and we are still addressing document requests we sent in September 2018. The IDC will need to go forward. We intend to ask the Court to order Sovereign to perform the email searches we provided you; produce bank records; produce documents for the payroll deductions, or stipulate to Mr. Henry's spreadsheet; produce corporate minutes and resolutions for 2017 and 2018; produce documents concerning Mr. Sharma's ownership of Sovereign; and that all document productions be concluded by the discovery cutoff with a declaration stating that Sovereign has complied with the Court's discovery orders.

We are happy to continue meeting and conferring with Sovereign up to the IDC, but if we don't reach resolution before the IDC we will need to address it to the Court's attention. I am also happy to get on the phone to discuss these issues today or tomorrow.

Thanks,

*Jon A. Eldredge*
Glynn & Finley, LLP
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
(925) 210-2846
Fax: (925) 945-1975
email: jeldredge@glynnfinley.com
***********************
CONFIDENTIAL
***********************
This electronic message contains confidential and privileged information from the law office of Glynn & Finley, LLP. The information is intended for the sole use of the individual or individuals named above. If you have received this note and you are not named above, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please contact us immediately by telephone at (925) 210-2800.

**From:** Russ Petti [mailto:RPetti@petti-legal.com]
**Sent:** Tuesday, April 02, 2019 3:33 PM
**To:** Jon Eldredge <jeldredge@glynnfinley.com>
**Cc:** Adam Friedenberg <afriedenberg@glynnfinley.com>; 'Brian Smith' <bts@MANNINGLLP.COM>; Adam Rapp <ARapp@GlynnFinley.com>
**Subject:** RE: Acocella v. Sovereign

Jon: A couple of points.

First, as you are aware, earlier today I provided the US Bank records I recovered, as well as the spreadsheets in native format.

Second, I have located Bank of America records for 2017 on the SharePoint system, and I will be producing them.

Third, as to the email searches, I have three problems with what you suggest. First, Mr. Rahimi is necessary to conduct these searches, and I am not sure he is still available. As I have stated in the past, he is not a Sovereign employee, and has worked in the past as a contractor for the K&K firm. Mr. Rozelle has been trying for a couple of days to get in touch with him, with no success as of yet. I note that I am meeting with Lisa and Dr. Sharma this Friday, and we hope to work through this problem at that time.

Second, given Sovereign's size, the searches you suggest would yield a massive amount of emails. I already have a significant backlog that I am trying to work through and produce, and this would only add to the problem.

Third, I wonder as to the utility of what you suggest. You have had thousands of pages of emails we have produced, and Allied and Burham have produced emails as well. These all paint a picture consistent with the testimony of Sovereign's witnesses; there was no malice involved, and no improper diversion of corporate funds, Sovereign just ran out of funds to pay Allied's invoices. The burden of discovery has to be balanced against its potential utility, so I would ask what you are hoping to uncover with these additional searches.

Of course, this does not mean that I am not amenable to having some additional narrower searches performed (depending, again, on Mr. Rahimi's availability, which is still up in the air, or finding some other qualified person to conduct the searches). But I think I am owed some idea of exactly what we are looking for.

Finally, I suggest that we ask Judge Scott to put Thursday's conference on hold for a week to see how many of these issues we can work through on our own. As it stands, I owe her a letter brief tomorrow morning, and I don't know which issues are still in play.

Russ


**From:** Jon Eldredge [mailto:jeldredge@glynnfinley.com]
**Sent:** Tuesday, April 2, 2019 11:24 AM
**To:** Russ Petti <RPetti@petti-legal.com>
**Cc:** Adam Friedenberg <afriedenberg@glynnfinley.com>; 'Brian Smith' <bts@MANNINGLLP.COM>; Adam Rapp <ARapp@GlynnFinley.com>
**Subject:** RE: Acocella v. Sovereign

Russ,

Below are my proposed searches for the email server. We did something similar with the Burnham documents without issue. Happy to discuss.

Custodians (all email folders, not just "Inbox" and "Sent"): Tessers, Gallagher, Sharma, Cushenberry, Warmstein, Henry, Kaul, Verma, Khor.

Date range: July 1, 2016 to present.

Search Terms:

To/From @alliedbenefit
To/From @burnhambenefits

A17117

2

TPA
Third /3 party /3 administ!
ASA
"Administrative Services Agreement"
SPD
SBC
Plan
Wrap /3 doc!
ASO
EPO
ACP
Affordable /3 Care
MEC
PPO
Allied
Burnham
Funding
Self /3 fund!
Max! /5 fund!
Min! /5 fund!
Expected /5 fund!
Expected /5 rate
Fund! /3 request!
Prefund!
Fix! /3 cost!
Reserve
Contribution!
Deduction
Suspen!
Terminat!
Captive
Cigna
Balance! /3 bill!
5500
Stop /3 loss
Open /3 enroll!
ACH
Claim /3 fund!
Claim! /3 report
Claim! /10 process!
Agg! /3 report
Los! /3 cover!
Los! /3 benefit!
Notice /5 employee!
Commun! /5 employee!
Cash /3 flow
Cash /3 flow /3 calendar
FBI
Raid
Fraud /5 medicare
Fraud /5 insurance
Fraud /5 health!

ATF
ATF2
DOL
Department /3 Labor
Fiduciary
ERISA
Payment /3 plan
Weekly /3 register
Run /3 out
Runout
Senior /3 financ!
Finance
Zelis
EOB

Fay
Savanna
Gabrione
Singh
Valerious
Wilneff
Thornton
Hanfling
Rachel
Aleknavicius
Rodriguez


*Jon A. Eldredge*
Glynn & Finley, LLP
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
(925) 210-2846
Fax: (925) 945-1975
email: jeldredge@glynnfinley.com
***********************
CONFIDENTIAL
***********************
This electronic message contains confidential and privileged information from the law office of Glynn & Finley, LLP.  The information is intended for the sole use of the individual or individuals named above.  If you have received this note and you are not named above, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.  If you have received this electronic message in error, please contact us immediately by telephone at (925) 210-2800.


**From:** Russ Petti [mailto:RPetti@petti-legal.com]
**Sent:** Tuesday, April 02, 2019 10:35 AM
**To:** Jon Eldredge <jeldredge@glynnfinley.com>
**Cc:** Adam Friedenberg <afriedenberg@glynnfinley.com>; 'Brian Smith' <bts@MANNINGLLP.COM>
**Subject:** RE: Acocella v. Sovereign

We certainly don't have the capacity to dispute the accuracy of this document.  But let me check with the clients and see if we are willing to stipulate.

**From:** Jon Eldredge [mailto:jeldredge@glynnfinley.com]
**Sent:** Tuesday, April 2, 2019 9:39 AM
**To:** Russ Petti <RPetti@petti-legal.com>
**Cc:** Adam Friedenberg <afriedenberg@glynnfinley.com>; 'Brian Smith' <bts@MANNINGLLP.COM>
**Subject:** RE: Acocella v. Sovereign

Here is the referenced document.

*Jon A. Eldredge*
Glynn & Finley, LLP
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
(925) 210-2846
Fax: (925) 945-1975
email: jeldredge@glynnfinley.com
************************
CONFIDENTIAL
************************
This electronic message contains confidential and privileged information from the law office of Glynn & Finley, LLP. The information is intended for the sole use of the individual or individuals named above. If you have received this note and you are not named above, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please contact us immediately by telephone at (925) 210-2800.

**From:** Russ Petti [mailto:RPetti@petti-legal.com]
**Sent:** Tuesday, April 02, 2019 9:37 AM
**To:** Jon Eldredge <jeldredge@glynnfinley.com>
**Cc:** Adam Friedenberg <afriedenberg@glynnfinley.com>; 'Brian Smith' <bts@MANNINGLLP.COM>
**Subject:** RE: Acocella v. Sovereign

Jon. In response.

1. Yes. In fact, I have already located some 2017 checks. And I am hopeful that Mr. Tessers will be able to do a better job when we get him access.
2. Can you check that number? For me it comes up as a blank document.
3. Again, you have everything we located. I haven't gone back through the system to try to locate additional corporate records, but we can certainly do that. And I will check with my clients to see if we have access to a former corporate attorney.

**From:** Jon Eldredge [mailto:jeldredge@glynnfinley.com]
**Sent:** Tuesday, April 2, 2019 9:21 AM
**To:** Russ Petti <RPetti@petti-legal.com>
**Cc:** Adam Friedenberg <afriedenberg@glynnfinley.com>; 'Brian Smith' <bts@MANNINGLLP.COM>
**Subject:** RE: Acocella v. Sovereign

Russ, a few questions:

1. Are you doing any additional searches for Bank of America documents for 2017?

2. In lieu of searching for additional documents for payroll deductions, would you be willing to stipulate that Plaintiffs' spreadsheet (PLTF_0000545) accurately reflects the payroll deductions?  The document came from Sovereign.

3. With respect to the corporate formalities, the minutes and resolution don't reach 2017 although documents have referenced meetings during that time period.  Has a search for late-2016, 2017 and 2018 corporate documents (e.g., minutes, resolutions, etc.) been done?  Did Sovereign have a corporate attorney whose records could be searched?

Thanks,

*Jon A. Eldredge*
Glynn & Finley, LLP
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
(925) 210-2846
Fax: (925) 945-1975
email: jeldredge@glynnfinley.com
************************
CONFIDENTIAL
************************
This electronic message contains confidential and privileged information from the law office of Glynn & Finley, LLP.  The information is intended for the sole use of the individual or individuals named above.  If you have received this note and you are not named above, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.  If you have received this electronic message in error, please contact us immediately by telephone at (925) 210-2800.

**From:** Russ Petti [mailto:RPetti@petti-legal.com]
**Sent:** Tuesday, April 02, 2019 8:53 AM
**To:** Jon Eldredge <jeldredge@glynnfinley.com>
**Cc:** Adam Friedenberg <afriedenberg@glynnfinley.com>; 'Brian Smith' <bts@MANNINGLLP.COM>
**Subject:** Acocella v. Sovereign

Jon – Please see Sovereign's response to your meet and confer email.  Happy to talk about any of this,

Russ

Russ Petti
Law Offices of Russell G. Petti
466 Foothill Blvd., # 389
La Canada, California 91011
Phone: (818) 952-2168
Email: RPetti@petti-legal.com
Website: www.petti-legal.com

# EXHIBIT C

1   Russell G. Petti - SBN 137160
    email: Rpetti@petti-legal.com
2   THE LAW OFFICES OF RUSSELL G. PETTI
    466 Foothill Blvd., # 389
3   La Canada, California 91011
    Telephone: (818) 952-2168
4   Facsimile: (818) 952-2186

5   Attorneys for Defendants
    Dual Diagnosis Treatment
6   Center, Inc., Dr. Tonmoy Sharma,
    David Tessers and Kevin Gallagher

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10  KIMBERLY CUSACK-ACOCELLA,          CASE NO.:  BC595953
    andividual, SCOTT LANGER, an
11  individual, MICHAEL HENRY, an      **DEFENDANTS' AMENDED**
    individual, JANICE SMOTHERS, an    **RESPONSES TO PLAINTIFF**
12  individual, and GRACE OUDIN, an    **PLAINTIFF KIMBERLY**
    individual, on behalf of themselves **CUSACK- ACOCELLA'S**
13  and on behalf of all others similarly **REQUESTS FOR ADMISSIONS TO**
    situated,                          **DEFENDANT DUAL DIAGNOSIS**
14                                     **TREATMENT**
                  Plaintiffs,          **CENTER, INC. (SET ONE)**
15
    vs.
16
    DUAL DIAGNOSIS TREATMENT
17  CENTER, INC., a California
    corporation doing business as
18  SOVEREIGN HEALTH, TONMOY
    SHARMA, an individual, KEVIN
19  GALLAGHER, an individual, DAVID
    TESSERS, an individual, and ALLIED
20  BENEFIT SYSTEMS, INC., an
    Illinois corporation,
21
                  Defendants.
22

23  PROPOUNDING PARTY:  Plaintiff Kimberly Cusack-Acocella

24  RESPONDING PARTY:    Defendant Dual Diagnosis Treatment Center, Inc.

25  SET NO.:             One

26

27

28

-1-

**Request for Admission No. 28.**

Admit that SHARMA commingled YOUR corporate assets with his own personal funds.

**Response to Request for Admission No. 28**

Sovereign objects to this Request as being vague, ambiguous, and unintelligible.  Sovereign further objects that it seeks information that is not relevant to any party's claims or defenses, and seeks information that is protected by the attorney client privilege and work product exception from discovery.  In addition, the Request invades the privacy of persons, including third parties, and seeks confidential information, the disclosure of which will injure Sovereign.

Subject to and without waiver of these objections, denied.

**Request for Admission No. 29.**

Admit that SHARMA used YOUR funds for personal expenses.

**Response to Request for Admission No. 29**

Sovereign objects to this Request as being vague, ambiguous, and unintelligible.  Sovereign further objects that it seeks information that is not relevant to any party's claims or defenses, and seeks information that is protected by the attorney client privilege and work product exception from discovery.  In addition, the Request invades the privacy of persons, including third parties, and seeks confidential information, the disclosure of which will injure Sovereign.

Subject to and without waiver of these objections, denied.

**Request for Admission No. 30.**

Admit that SHARMA exercised day-to-day control over all Sovereign business activities during the time period alleged in the Complaint.

///

///

**Response to Request for Admission No. 30.**

Sovereign objects to this Request as being vague, ambiguous, and unintelligible. Sovereign further objects that it seeks information that is not relevant to any party's claims or defenses, and seeks information that is protected by the attorney client privilege and work product exception from discovery. In addition, the Request invades the privacy of persons, including third parties, and seeks confidential information, the disclosure of which will injure Sovereign.

Subject to and without waiver of objections, Sovereign admits that Dr. Sharma was the ultimate decisionmaker for important decisions at Sovereign.

**Request for Admission No. 31.**

Admit that SHARMA, directly or indirectly, owns a majority of YOUR outstanding stock.

**Response to Request for Admission No. 31**

Sovereign objects to this Request as being vague, ambiguous, and unintelligible. Sovereign further objects that it seeks information that is not relevant to any party's claims or defenses, and seeks information that is protected by the attorney client privilege and work product exception from discovery. In addition, the Request invades the privacy of persons, including third parties, and seeks confidential information, the disclosure of which will injure Sovereign.

Subject to and without waiver of these objections, denied.

**Request for Admission No. 32.**

Admit that YOU failed to observe corporate formalities.

**Response to Request for Admission No. 32**

Sovereign objects to this Request as being vague, ambiguous, and unintelligible. Sovereign further objects that it seeks information that is not relevant

1    Dated: March 5, 2019            LAW OFFICES OF RUSSELL G. PETTI

2

3                             By *S/Russell G. Petti* .

                                  Russell G. Petti

4                                  Attorneys for Defendants

                                 Dual Diagnosis Treatment

5                                  Center, Inc., Dr. Tonmoy Sharma,

6                                  David Tessers and Kevin Gallagher

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S RESPONSES TO REQUEST FOR ADMISSIONS

# EXHIBIT D

Russell G. Petti - SBN 137160
email: Rpetti@petti-legal.com
THE LAW OFFICES OF RUSSELL G. PETTI
466 Foothill Blvd., # 389
La Canada, California 91011
Telephone: (818) 952-2168
Facsimile: (818) 952-2186

Attorneys for Defendants
Dual Diagnosis Treatment
Center, Inc., Dr. Tonmoy Sharma,
David Tessers and Kevin Gallagher

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY CUSACK-ACOCELLA, andividual, SCOTT LANGER, an individual, MICHAEL HENRY, an individual, JANICE SMOTHERS, an individual, and GRACE OUDIN, an individual, on behalf of themselves and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br>vs.<br><br>DUAL DIAGNOSIS TREATMENT CENTER, INC., a California corporation doing business as SOVEREIGN HEALTH, TONMOY SHARMA, an individual, KEVIN GALLAGHER, an individual, DAVID TESSERS, an individual, and ALLIED BENEFIT SYSTEMS, INC., an Illinois corporation,<br><br>          Defendants. | CASE NO.: BC595953<br><br>**DEFENDANTS' AMENDED RESPONSES TO PLAINTIFFS KIMBERLY CUSACK-ACOCELLA'S INTERROGATORIES TO DEFENDANT DUAL DIAGNOSIS TREATMENT CENTER, INC. (SET ONE)** |

PROPOUNDING PARTY:  Plaintiff Kimberly Cusack-Acocella

RESPONDING PARTY:  Defendant Dual Diagnosis Treatment Center, Inc.

SET NO.:          One

**Interrogatory No. 12.**

Identify all instances in which SHARMA commingled YOUR corporate assets with his own personal funds.

**Response to Interrogatory No. 12**

Sovereign objects to this Interrogatory as being vague, ambiguous, and unintelligible.  Sovereign further objects that it seeks information that is not relevant to any party's claims or defenses, and seeks information that is protected by the attorney client privilege and work product exception from discovery.  In addition, the Interrogatory invades the privacy of persons, including third parties, and seeks confidential information, the disclosure of which will injure Sovereign.

Subject to and without waiver of these objections, Dr. Sharma never comingled his own funds with those of Sovereign.

**Interrogatory No. 13.**

Identify, by date, amount, and PLAN PARTICIPANT, all instances in which YOU deducted funds to be contributed to the PLAN from the paycheck of a PLAN PARTICIPANT, and for each such instance state all subsequent acts undertaken by YOU with respect to such funds.

**Response to Interrogatory No. 13**

Sovereign objects to this Interrogatory as being vague, ambiguous, and unintelligible.  Sovereign further objects that it seeks information that is not relevant to any party's claims or defenses, and seeks information that is protected by the attorney client privilege and work product exception from discovery.  In addition, the Interrogatory invades the privacy of persons, including third parties, and seeks confidential information, the disclosure of which will injure Sovereign.

This Interrogatory also misunderstands the manner in which Sovereign handled its payroll and Plan funding.  Sovereign utilized a third party to calculate each employee's payroll, determining the amount of pay for each pay period after

1   appropriate deductions for various employee benefits, tax withholding, and the like.

2   At that point, paychecks were issued from the general account used for payroll. The

3   various deductions made for tax withholding, employee benefits, and the like were

4   not segregated into a separate account or accounts. Rather, they remained in the

5   Sovereign general account from which the paychecks were issued.

6         Subject to and without waiver of the above, Sovereign has located documents

7   showing deduction of funds for various employee benefits, including Plan benefits,

8   which have been produced. In order to avoid having to create a compilation of these

9   documents, Plaintiffs are directed to them pursuant to Fed. R. Civ. Proc. 33(d).

10

11   Dated: March 5, 2019         LAW OFFICES OF RUSSELL G. PETTI

12

13                 By   *S/Russell G. Petti*     .

14                       Russell G. Petti

                      Attorneys for Defendants

15                       Dual Diagnosis Treatment

                      Center, Inc., Dr. Tonmoy Sharma,

16                       David Tessers and Kevin Gallagher

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S RESPONSES TO INTERROGATORIES