1  GLYNN & FINLEY, LLP
   ADAM FRIEDENBERG, Bar No. 205778
2  JONATHAN A. ELDREDGE, Bar No. 238559
   ADAM M. RAPP, Bar No. 280824
3  One Walnut Creek Center
   100 Pringle Avenue, Suite 500
4  Walnut Creek, CA 94596
   Telephone:  (925) 210-2800
5  Facsimile:  (925) 945-1975
   Emails:     afriedenberg@glynnfinley.com
6              jeldredge@glynnfinley.com
               arapp@glynnfinley.com
7

8  LAW OFFICE OF WILLIAM REILLY
   WILLIAM B. REILLY, Bar No. 177550
9  86 Molino Avenue
   Mill Valley, CA 94941-2621
10 Telephone:  (415) 225-6215
   Facsimile:  (415) 225-6215
11 Email:      bill@williambreilly.com

12 Attorneys for Plaintiffs and the Class

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15  KIMBERLY CUSACK-ACOCELLA,         )  **Case No.** 8:18-cv-01009-ODW
    an individual, SCOTT LANGER, an   )  (KESx)
16  individual, MICHAEL HENRY, an     )
    individual, JANICE SMOTHERS, an   )  **PLAINTIFFS' AND THE CLASS'S
17  individual, and GRACE OUDIN, an   )  NOTICE OF MOTION AND
    individual, KASSI NYE, an individual,)  MOTION FOR FINAL
18  and LISE STEPHENS, an individual, )  SETTLEMENT APPROVAL;
    on behalf of themselves and on behalf)  MEMORANDUM OF POINTS
19  of all others similarly situated, )  AND AUTHORITIES**
                                      )
20              Plaintiffs,           )  Date:    October 19, 2020
                                      )  Time:    1:30 p.m.
21       vs.                          )  Crtrm:   5D
                                      )  Judge:   Hon. Otis D. Wright, II
22                                    )
    DUAL DIAGNOSIS TREATMENT          )  **Accompanying Documents:**
23  CENTER, INC., a California        )
    corporation doing business as     )  1.  Declaration of Adam Friedenberg
24  SOVEREIGN HEALTH, TONMOY          )  2.  [Proposed] Order
    SHARMA, an individual, KEVIN      )
25  GALLAGHER, an individual, DAVID   )
    TESSERS, an individual, and ALLIED)
26  BENEFIT SYSTEMS, INC., an         )
    Illinois corporation,             )
27                                    )
                Defendants.           )
28  _____    )

---

PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 19, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5D of the United States District Court for the Central District of California, First Street Courthouse, located at 350 W. 1st Street, Los Angeles, CA. 90012, Plaintiffs will bring on for hearing this Motion for Final Settlement Approval.

Plaintiffs' motion is brought on the grounds that the proposed settlement is fair, reasonable, and adequate, as it provides the Class complete relief on its claims; is the result of arms' length negotiation by counsel who have vigorously prosecuted those claims; administers relief without affirmative action required of any Class member; provides for attorneys' fees entirely separate from the Class recovery; and treats all members of the Class equitably vis-à-vis each other.

The Motion is based on this Notice, the accompanying Memorandum of Points and Authorities and Declaration of Adam Friedenberg, the [Proposed] Order filed herewith, the pleadings on file in this case, and such other evidence and oral argument as the Court may consider.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 21, 2020.

Dated: September 21, 2020

                                                  GLYNN & FINLEY, LLP

                                                  By    /s/ Adam Friedenberg
                                                          Attorneys for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs seek an order under Rule 23(e)(2) granting final approval of the settlement agreements (together, the "Settlement") resolving claims they have brought on behalf of a class ("Class") of former participants in the ERISA health plan ("Plan") that Defendants designed and administered. The settlement in question provides complete relief on those claims; is the result of arms' length negotiation by counsel who have vigorously prosecuted those claims; administers relief without affirmative action required of any Class member; provides for attorneys' fees entirely separate from the Class recovery; and treats all members of the Class equitably vis-à-vis each other. The deadline for objections has passed, and none have been received. Accordingly, the Court should approve the settlement as fair, reasonable, and adequate.

## II. FACTUAL BACKGROUND

### A. Plaintiffs' Claims

Plaintiffs are former employees of Defendant Dual Diagnosis Treatment Center, Inc. dba Sovereign Health ("Sovereign") and former participants in the 2017 Sovereign Health Employee Benefits Plan (the "Plan"). (Dkt. No. 60 ¶ 1.) Defendants Tonmoy Sharma, Kevin Gallagher and David Tessers were Sovereign officers and Plan fiduciaries under ERISA. (*Id.* ¶¶ 17-20.) Defendant Allied Benefits Systems, Inc., was the third-party administrator for the Plan and it too was an ERISA fiduciary. (*Id.* ¶ 16; see also Dkt. No. 233 at 6.)

Sovereign was required to fund the Plan through a combination of Sovereign and employee contributions (made through biweekly payroll deductions). (Dkt. No. 111-3 at Ex. A at 51.) Sovereign made the payroll deductions from Plaintiffs, but kept the money for itself and also failed to make the required employer contributions to the Plan. (Dkt. No. 60 ¶¶ 33.) As a result, the Plan lacked sufficient funds to pay covered claims, and did not pay them. (*Id.* ¶¶ 35.)

Plaintiffs alleged that Allied aided, directly participated in, concealed, enabled, and took no reasonable efforts to remedy this conduct. (*Id*. ¶¶ 37-38, 70.)

By this action, Plaintiffs sought to 1) recover for the benefit of the Plan sufficient funds to satisfy covered claims the Plan had failed to pay, and 2) obtain injunctive relief to compel Defendants to pay such claims consistent with the terms of the Plan. (Dkt. No. 60.)

### B. The Litigation

Plaintiffs and their counsel diligently litigated this case, and Defendants vigorously defended it. After serial motion practice by the defense, the parties mediated in April 2018 before Keith Parker, Esq., which mediation was unsuccessful. (Dkt. No. 158.)

On August 23, 2019, the Court issued a 21-page tentative ruling certifying the class and finding, among other things, that Allied was a fiduciary under ERISA; the Court later adopted that tentative ruling as its order. (Dkt. No. 233.) On September 18, 2019, the parties participated in a settlement conference before Magistrate Judge Scott. (Dkt. No. 220.) The case did not resolve, but Judge Scott persisted. Following a mediator's proposal by Judge Scott, Plaintiffs, Sovereign, and Sharma agreed to principal settlement terms on September 27, 2019, which were placed on the record. (Dkt. No. 245 (previously-filed Declaration of Adam Friedenberg ("Friedenberg Decl.") ¶ 8.) The parties thereafter entered a written settlement agreement. (*Id.* Ex. D.) Plaintiffs later settled with the remaining defendants, Gallagher and Tessers, in a written agreement dated October 17, 2019. (*Id.* ¶¶ 10-11, Ex. E.)

Plaintiffs sought, and the Court granted, preliminary approval of these settlement agreements, and authorization to issue notice to the Class under Rule 23. (Dkt. Nos. 244, 262.) As set forth in that motion, key features of the settlement include (1) Allied shall process and pay all outstanding unprocessed and unpaid covered claims by February 7, 2020; (2) Allied will reimburse any out-of-

pocket payments made by Class members upon learning of them from medical providers; (3) Allied will pay other associated costs, including late fees and lost network discounts, for covered claims under the settlement; (4) Class members retain the right to challenge coverage determinations on their claims; (5) Allied may negotiate the amounts required to settle outstanding provider claims, but must settle them in full; (6) named Plaintiffs may apply for $5000 per-plaintiff incentive payments; (7) Class counsel will separately seek to settle and/or move for an award of attorneys' fees under 29 U.S.C. § 1132(g)(1) to be paid independently of the obligations to resolve Class claims; and (8) all Defendants are jointly and severally liable for all financial obligations to the Class. (*See also* Dkt. No. 244 at 3-5.) The Court's Order granting preliminary approval ordered modifications to the proposed form of class notice, and otherwise finding that the proposed settlement met the requirements for preliminary approval. (Dkt. No. 262.)

## III.   LEGAL STANDARD

"The claims . . . of a certified class . . . may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). "If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate. . . ." Fed. R. Civ. P. 23(e)(2). In making such a finding, the Court must consider whether

(A)   the class representatives and class counsel have adequately represented the class;

(B)   the proposal was negotiated at arm's length;

(C)   the relief provided for the class is adequate, taking into account:

   (i)   the costs, risks, and delay of trial and appeal;

   (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

   (iv) any agreement required to be identified under Rule 23(e)(3); and

 (D) the proposal treats class members equitably relative to each other.

As noted, the Court previously found the settlement appropriate for preliminary approval and giving notice to the Class. (Dkt. No. 262.) Although both preliminary and final approval require reference to the Rule 23(e) factors cited, on preliminary approval the court need only determine that the proposed resolution is "within the range of possible approval" and only "potentially fair." *Glover v. City of Laguna Beach*, No. SACV 15-01332 AG (DFMx), 2018 WL 6131601, at *2-3 (C.D. Cal. July 18, 2018) (internal quotations omitted). On final approval, a settlement's proponent must still establish that the settlement is fair, reasonable, and adequate, and "[t]he main judicial concern is that the rights of the passive class members not be jeopardized by the proposed settlement." 7B M. Kane, Federal Practice and Procedure § 1797.1 (3rd ed.) ("Wright & Miller"). The decision regarding the substantive fairness of a settlement and evaluation of the Rule 23 factors is committed to the trial court's discretion. *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015). "To survive appellate review, the district court must show it has explored comprehensively all factors, and must give a reasoned response to all non-frivolous objections." *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (citations, quotations omitted).

## IV. ARGUMENT

### A. The Class Is Represented Adequately

From pre-suit investigation through the settlement of this action (and thereafter), Class Counsel and the Class Representatives have vigorously advanced the interests of the Class. Those efforts, which included the investment of hundreds of hours of attorney and paralegal time and substantial costs, are discussed at greater length in Plaintiffs' Motion for Attorneys' Fees and Costs, filed contemporaneously herewith. Importantly, the Court previously discussed

these efforts shortly before this case was settled, in its Order certifying the Class. (Dkt. No. 233.) The Court observed:

> Class counsel is amply qualified to litigate this case. They have extensive experience handling class actions and other complex litigation, including actions under ERISA. . . . The declaration submitted with Plaintiffs' class certification motion further confirms this finding, which Defendants don't dispute. . . . But the most compelling evidence of the qualifications and dedication of proposed class counsel is their work in this case. Considering how far this action has come despite the parties' discovery disputes, and Defendants' voluminous and almost invariably simultaneous motions, proposed class counsel have made strong showing of their commitment to helping the class vigorously prosecute this case.

(*Id.* at 20.)

In addressing the adequacy of representation under Rule 23(a)(4), as the Court did on class certification, courts address many of the same matters in determining adequacy of representation under Rule 23(e)(2)(A). *E.g., In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015). "[T]he resolution of two questions determines legal adequacy: (1) whether the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) whether the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class." Wright & Miller § 1797.1 at n.17 (citing *In re Online DVD-Rental*); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (using identical language in conducting Rule 23(a)(4) analysis). Indeed, the Ninth Circuit has interpreted the class-certification adequacy requirements as being *more* stringent than those for fairness, reasonableness, and adequacy under Rule 23(e). *In re Online DVD-Rental*, 779 F.3d at 942 (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620-21 (1997)); *Hanlon*, 150 F.3d at 1026 (approval of settlement *before* court has addressed adequacy of representation in class certification order "requires a higher standard of fairness" and "a more probing inquiry than may normally be required under Rule 23(e)").

As noted, the Court has found the representation of Class Counsel and the Class Representatives to be adequate for purposes of Rule 23(a)(4) and should find

similarly under Rule 23(e). There are no conflicts of interest between the Representatives and the Class (all of whom are treated equitably, in that their unpaid claims are all fully resolved, discussed *infra*), and no conflict is created by the incentive awards contemplated by the settlement. *In re Online DVD-Rental*, 779 F.3d at 943 ($5000 incentive payments found expressly "well within the usual norms of 'modest compensation'" and created no conflict because they were neither *ex ante* presuit inducement nor conditioned on support for settlement). Similarly, the vigorous prosecution of this action on behalf of the Class cannot be gainsaid, as observed by the Court (Dkt. 233 at 20), embodied in the complete relief achieved by the settlement, and documented in the contemporaneous time records that show Class Counsel's thorough commitment to this action (submitted contemporaneously herewith in support of Plaintiffs' motion for attorneys' fees). The requirements of Rule 23(e)(2)(A) are met here.

### B. This Settlement Was Negotiated at Arm's Length

Rule 23(e)(2)(B) requires the Court to consider the presence of arm's-length negotiations as a marker of a non-collusive proposal. This settlement is the opposite of a back-room deal. As detailed in the motion for preliminary approval, Plaintiffs' counsel attempted to resolve this action early and often, both informally and through mediation. (*See* Dkt. 244 at 6-7 and materials cited therein.) The robust motion practice in this action, piecemeal resolution of the claims against groups of defendants, and overall structure of the settlement itself underscore this fact:

- Plaintiffs were forced to pursue all Defendants for basic and critical discovery in the case, winning serial discovery motions made necessary by Defendants' obstruction (Dkt Nos. 105, 122, 138, 151, 157, 174, 175, 185);
- Plaintiffs secured a preliminary injunction to freeze Sovereign's assets, then defeated serial dispositive motions by the Defendants, establishing key legal findings that drove an ultimate resolution (Dkt. Nos. 78, 90, 233);
- Plaintiffs settled with Allied, Sovereign, and Sharma and continued to negotiate with Gallagher and Tessers to secure their joint and several

liability for the financial obligations of the settlement agreement to the Class (Dkt. No. 245, Ex. E);

- Development of a written and signed settlement required multiple sessions with Magistrate Judge Scott, a transcribed record settlement of material terms, and months of further wrangling over terms that already had been settled by Defendants' counsel (Dkt. No. 245 ¶¶ 8-11, see also Friedenberg Declaration in support of motion for attorneys' fees);

- The settlement fully and immediately funds claims payments to all Class members, who need not submit claims to receive relief (Dkt. No. 245, Ex. D);

- Plaintiffs' Counsel isolated the issue of attorneys' fees for resolution only after Defendants agreed to fully fund and resolve all unpaid covered claims.

### C.     Class Relief is Total and Not Undermined by Any Rule 23(e)(2)(C) Subfactors

Rule 23(e)(2)(C) requires that the Court determine that "the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)."

As is evident from the settlement agreements themselves, relief to the Class is total, immediate, and jointly-and-severally agreed to by all Defendants in this action. All unpaid covered claims, whether processed or not at the time of suit, will be paid according to Plan terms, and all late fees, lost network fees, and other costs associated with the delay in claims payment will be borne by Defendants. In other words, all members of the Class will receive the relief sought in the Complaint. No sub-factors counsel against approval here:

- *Trial and appeal would achieve nothing.* Given the total relief provided for in the settlement, nothing but waste would result from continued litigation of the Class's claims.

- *Relief is self-executing.* The method of delivering relief to the Class is extremely efficient: Allied, which holds the claims roster, contact information for Class members, and is empowered to process claims (i.e.,

conduct its business), is responsible for negotiating, resolving, and paying all covered claims in accordance with the Plan terms. (Dkt. 245, Ex. D at §§ 3.1-3.6.) No affirmative conduct by Class members is required to obtain relief, notice regarding claims payments and any uncovered portions will be mailed to all Class members in accordance with Plan terms, and Class members retain the right to assert any denial of coverage was wrongful. (*Id.* at §§ 3.6, 6.2.)

- *Attorney's fees are to be awarded at the Court's discretion.* The settlement agreements call for no specific amount of attorney's fees to be awarded as a condition of providing full relief to the Class, nor is the Class's relief enlarged or reduced in any amount by the Court's determination on Class Counsel's request for fees. Rather, all Defendants have agreed to pay attorney's fees as awarded by the Court, and Class Counsel have agreed in their settlement with Allied, Sharma, and Sovereign that any motion will not seek fees in excess of $1.75 million. As noted, Allied has represented that the payment of all claims has taken place, months before the filing of any fee request. The isolation of fees from Class relief was an express condition of resolution in each of Class Counsel's settlement overtures, and remains one in the final deal.

- *Agreements required to be identified under Rule 23(e)(3).* Although there has been "limited jurisprudence interpreting Rule 23(e)(3) since its 2003 enactment" (*see* 4 W. Rubenstein, Newberg on Class Actions § 13:55 (5th ed.)), the Advisory Committee states that this rule is meant to apply to agreements which are "seemingly separate, [but] may have influenced the terms of the settlement by trading away possible advantages for the class in return for advantages for others" (2003 Advisory Cmte. Note) and other commentators suggest that such agreements encompass those that "might have affected the interests of class members by altering what they may be receiving or foregoing." *Manual for Complex Litigation* § 21.631 (4th ed.). Here, the terms of the parties' agreement respecting attorney's fees are discussed above, and do not derogate the Class's recovery in any respect. Similarly, to the extent encompassed by Rule 23(e)(3),[1] the Sovereign-Allied side agreement, pursuant to which Sovereign indemnifies Allied's funding of the Class's relief, does not alter the timing or joint-and-several nature of Allied's obligation.

---

[1] Rule 23(e)(3) requires that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal." Here, arguably the Sovereign-Allied side deal is not encompassed by that Rule, given that it is not an "agreement made" by Plaintiffs—the parties seeking approval—nor does it implicate their right to prompt resolution of their claims under the settlement agreement that the Class Representatives *did* sign. In any event, the Sovereign-Allied agreement and its basic terms have been identified in the Preliminary Approval proceedings and are referenced in the Class Notice as approved by the Court and issued to the Class. To the extent the Court believes a full and fair consideration of that agreement is required to meet its obligations under Rule 23, Plaintiffs have no objection to its disclosure. *Cf. White v. Experian Info. Solutions, Inc.*, No. SACV 05-1070 DOC(MLGx), 2010 WL 11526818, at *3-4 (C.D. Cal. Sept. 30, 2010) ("Generally courts are satisfied that the Rule 23(e)(3) requirement has been met through the identification and submission of all settlement agreements.").

As shown, no element of the settlement trades away the Class's interests for those of a select few, or for that of Class Counsel. Accordingly, Rule 23(e)(2)(C) is met.

### D.   Class Members are Treated Equitably, As Each Is Made Whole

Finally, Rule 23(e)(2)(D) requires that the settlement "treats class members equitably relative to each other." Here, Class members are treated equitably according to the main criterion that identifies them: their unpaid covered claims. While certain Class members may only have isolated, low-value outstanding claims to be paid, others (including some Class Representatives) have significant financial exposure resulting from unpaid claims. Such members of the Class are treated equitably relative to each other because their claims, to the extent they are covered, are to be resolved in full by the Defendants. In other words, each Class member receives 100 percent of the benefits to which he or she was entitled under the Plan.

Nor does the fact that the five named plaintiffs will be permitted to seek incentive awards not exceeding $5000 render the proposed settlement inequitable. "Generally speaking, this does not raise a red flag because the class representative and the class member are not similarly situated in regard to the single piece of differential recovery, the incentive payment: the class representative did extra work and took extra risk to earn that." 4 W. Rubenstein, Newberg on Class Actions § 13:56 (5th ed.). The incentive payments in the instant proposal are neither unreasonable in size, nor *ex ante* inducements, nor conditioned on support for the proposal. *In re Online DVD-Rental*, 779 F.3d at 943 (identifying these factors as suggesting improper incentive payment). They further reflect (and in some cases fail to fully capture) the significant investments of time and effort made by the Class Representatives throughout this case in investigation, discovery, and settlement, as addressed in Plaintiff's motion for attorneys' fees and incentive awards, filed herewith.

As called for by the Advisory Committee when codifying this subdivision of Rule 23 in 2018, "[m]atters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief."  Here, all Class members are settling the claims asserted in this action, and no more—and are being compensated by having those claims resolved by Defendants directly.  Rule 23(e)(2)(C)'s requirement is met because the settlement treats similarly situated Class members similarly.

### E. No Meritorious Objections to the Settlement Have Been Made

The Court's July 17, 2020 Order permitted Class members to file objections within 45 days after the Order.  (Dkt. No. 262 at 13:9-11.)  That time has passed, and no objection has been received.  (Declaration of Adam Friedenberg in Support of Motion for Final Approval ¶ 2.)

### V. CONCLUSION

For the foregoing reasons, the Court should enter an order approving the proposed settlement as fair, reasonable, and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure, together with a reasoned decision addressing the factors required under that Rule.  *Dennis*, 697 F.3d at 864.

Dated: September 21, 2020

GLYNN & FINLEY, LLP

By  /s/ Adam Friedenberg
Attorneys for Plaintiffs

- 10 -
PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL