1  GLYNN & FINLEY, LLP
   ADAM FRIEDENBERG, Bar No. 205778
2  JONATHAN A. ELDREDGE, Bar No. 238559
   ADAM M. RAPP, Bar No. 280824
3  One Walnut Creek Center
   100 Pringle Avenue, Suite 500
4  Walnut Creek, CA 94596
   Telephone:  (925) 210-2800
5  Facsimile:   (925) 945-1975
   Emails:     afriedenberg@glynnfinley.com
6              jeldredge@glynnfinley.com
               arapp@glynnfinley.com
7

8  LAW OFFICE OF WILLIAM REILLY
   WILLIAM B. REILLY, Bar No. 177550
9  86 Molino Avenue
   Mill Valley, CA 94941-2621
10 Telephone:  (415) 225-6215
   Facsimile:   (415) 225-6215
11 Email:      bill@williambreilly.com

12 Attorneys for Plaintiffs

13            UNITED STATES DISTRICT COURT

14           CENTRAL DISTRICT OF CALIFORNIA

15 KIMBERLY CUSACK-ACOCELLA,  )  **Case No.** 8:18-cv-01009-ODW-KES
   an individual, SCOTT LANGER, an  )
16 individual, MICHAEL HENRY, an  )  **DECLARATION OF ADAM**
   individual, JANICE SMOTHERS, an  )  **FRIEDENBERG IN SUPPORT OF**
17 individual, GRACE OUDIN, an  )  **PLAINTIFFS' AND THE CLASS'S**
   individual, KASSI NYE, an individual,  )  **MOTION FOR FINAL**
18 and LISE STEPHENS, an individual,  )  **SETTLEMENT APPROVAL**
   on behalf of themselves and on behalf  )
19 of all others similarly situated,  )

20            Plaintiffs,  )  Date:      October 19, 2020
                          )  Time:      1:30 p.m.
21     vs.                )  Crtrm:     5D
                          )  Judge:     Hon. Otis D. Wright II
22                        )
   DUAL DIAGNOSIS TREATMENT  )
23 CENTER, INC., a California  )
   corporation doing business as  )
24 SOVEREIGN HEALTH, TONMOY  )
   SHARMA, an individual, KEVIN  )
25 GALLAGHER, an individual, DAVID  )
   TESSERS, an individual, and ALLIED  )
26 BENEFIT SYSTEMS, INC., an  )
   Illinois corporation,  )
27                        )
               Defendants.  )
28 _____  )

1    I, Adam Friedenberg, say:

2    1.    I am a partner at the law firm of Glynn & Finley, LLP ("G&F"),

3    counsel of record for Plaintiffs.  I am licensed to practice before this Court and all

4    courts of the State of California.  I have personal knowledge of the facts stated in

5    this declaration and, if called to testify, could and would testify thereto.

6    2.    My firm has not received any objection to the proposed class

7    settlement from a Class member.

8    3.    Attached hereto collectively as **Exhibit A** are the two settlement

9    agreements of which the Class seeks final approval.

10

11   Executed this 21st day of September, 2020, at Walnut Creek, California.

12

13                         /s/ Adam Friedenberg
                          Adam Friedenberg
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

# EXHIBIT A-1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into effective October 7, 2019 by and between: (1) the Class Representatives, for themselves and on behalf of the Settlement Class ("PLAINTIFFS"), (2) DUAL DIAGNOSIS TREATMENT CENTER, INC., a California corporation doing business as SOVEREIGN HEALTH ("SOVEREIGN"), (3) TONMOY SHARMA, an individual ("SHARMA"), and (4) ALLIED BENEFIT SYSTEMS, INC., an Illinois corporation ("ALLIED") (collectively "Settling Parties" or individually "Settling Party").

## 1.  DEFINITIONS

1.1     Subject to the provisions of Section 6.2, "Released Claims" means those claims alleged by Plaintiffs, on behalf of themselves and the Class, for breach of fiduciary duty; co-fiduciary liability; and equitable relief, under the Employee Retirement Income Security Act ('ERISA') alleged in 1) PLAINTIFFS' First Amended Complaint on file in the Action, and/or 2) Plaintiffs' discovery responses in the Action.

1.2     "Class Representatives" means named Plaintiffs KIMBERLY CUSACK-ACOCELLA, SCOTT LANGER, MICHAEL HENRY, JANICE SMOTHERS, GRACE OUDIN, KASSI NYE, and LISE STEVENS.

1.3     "Settlement Class" and "Class" means "All Plan participants (including all covered employees and covered dependents) in the 2017 Soverign Health Employee Benefits Plan (the "Plan"), other than Tonmoy Sharma, Kevin Gallagher or David Tessers, whose benefits claims Defendant ALLIED either (a) determined were covered under the Plan, but did not pay, or (b) did not process or make a coverage detemination."  (Dkt. 233)

1.4     "Settling Parties" means Class Representatives in their individual and class-representative capacities, ALLIED, SOVEREIGN and SHARMA only.

1

1.5    "Settling Defendants" means ALLIED, SOVEREIGN and SHARMA.

1.6    "Action" means the United States Cental District Court of California-Santa Ana, Case No. 8:18-cv-01009-AG (KESx) entitled, *KIMBERLY CUSACK-ACOCELLA, an individual; SCOTT LANGER, an individual; MICHAEL HENRY, an individual; JANICE SMOTHERS, an individual; and GRACE OUDIN, an individual, KASSI NYE, an individual, and LISE STEVENS, an individual, on behalf of themselves and on behalf of all others similarly situated v. DUAL DIAGNOSIS TREATMENT CENTER, INC., a California corporation doing business as SOVEREIGN HEALTH; TONMOY SHARMA, an individual; KEVIN GALLAGHER, an individual; DAVID TESSERS, an individual; and ALLIED BENEFIT SYSTEMS, INC., an Illinois corporation.*

1.7    "Class Counsel" means Adam Friedenberg, Jonathan Eldredge, and Adam Rapp of Glynn & Finley, LLP, and William B. Reilly of the Law Offices of William B. Reilly.

1.8    "Plan" shall mean the 2017 Sovereign Health Employee Benefits Plan.

1.9    "Preliminary Approval" means the preliminary approval of this Settlement Agreement by the District Court.

1.10    "Final Approval" means the order by the District Court, after notice and the holding of the Fairness Hearing, granting approval of this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure.

1.11    "Fairness Hearing" means the hearing to be held by the District Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to determine whether the settlement set forth in this Agreement should be approved.

2.    <u>**RECITALS**</u>

Unless otherwise stated, the Recitals in this section are based on the contentions of the Class Representatives.  By settling the Action, the Settling Defendants do not admit the allegations of the Class Representatives as reflected in these Recitals or in this Action.

2.1.    On June 7, 2018, PLAINTIFFS filed the Action (Dkt. 1).

2.2.    On October 9, 2018 PLAINTIFFS filed a First Amended Complaint, which alleged the following three claims: A claim under 29 U.S.C. section 1132(a)(2), a claim under 29 U.S.C. section 1105, and a claim under 29 U.S.C. section 1132(a)(3). (Dkt. 60).  The First Amended Complaint charged, *inter alia,* that SOVEREIGN committed numerous fiduciary breaches under ERISA; that ALLIED had committed numerous fiduciary breaches and had engaged in acts or omissions further subjecting ALLIED to co-fiduciary liability under 29 U.S.C. section 1105; and that further appropriate equitable relief was available under ERISA as against ALLIED, SOVEREIGN, and the other Defendants sued on the First Amended Complaint.

2.3    Settling Defendants filed answers denying the allegations. (Dkt. 63 and 81).

2.4.    On January 18, 2019 the Court granted PLAINTIFFS' Motion for Preliminary Injunction against SOVEREIGN. (Dkt. 90).

2.5.    On October 8, 2019, the Court denied ALLIED's Motion for Summary Judgment or in the alternative Partial Summary Judgment. (Dkt. 233.)

2.6.    Also on October 8, 2019, the Court granted PLAINTIFFS' Supplemental Motion for Class Certification under Federal Rule of Civil Procedure 23(b)(1).  The Court certified the following class:

> All Plan Participants (including all covered employees and covered dependents) in the 2017 Sovereign Health Employee Benefits Plan (the "Plan") other than Tonmoy Sharma, Kevin Gallagher or David Tessers whose benefits claims Defendant Allied Benefit Systems, Inc. ("Allied") either a) determined were covered under the Plan, but did not pay, or b) did not process or make a coverage determination.

3

2.7.    The Settling Parties participated in numerous settlement communications, one mediation, and one Mandatory Settlement Conference, after which they continued to discuss settlement.  A settlement was then reached among Allied, Sovereign and Sharma and Plaintiffs. Allied and Sovereign reached a separate settlement, to which Plaintiffs are not parties.  The settlement between Allied, Sovereign, Mr. Sharma and Plaintiffs was placed on the record by Settling Parties' counsel on September 27, 2019, by and with the assistance of United States Magistrate Judge Karen Scott.  The settlement between Allied and Sovereign was also placed on the record on September 27, 2019, by and with the assistance of United States Magistrate Judge Karen Scott.

NOW, THEREFORE, in consideration of the following terms, covenants, and conditions, and in reliance on the various representations and warranties set forth below, the Settling Parties now desire to resolve the claims alleged in the Action, and they therefore agree as follows:

### 3.    **ALLIED'S SETTLEMENT WITH PLAINTIFFS**

3.1     ALLIED will process the unprocessed claims received by ALLIED from the Settlement Class and/or their providers for service dates through January 20, 2018, in accordance with the terms of the SOVEREIGN Plan documents.

3.2.    ALLIED will pay, on behalf of Settling Defendants, previously processed and unpaid claims and newly processed claims per section 3.1 in accordance with the terms of the Plan documents. If there are any amounts owed to providers for late fees or lost network discounts, or other additional amounts owing to providers as a result of delayed processing or payment of claims, ALLIED will resolve them as well.

3.3.    ALLIED shall complete processing and payment no later than four months from the effective date of this Agreement.

4

3.4.    ALLIED shall have the option of paying the claims in full, or paying (through negotiation or otherwise) a lower amount that the payee accepts as payment in full.

3.5.    If any claim is denied in whole or in part, ALLIED will provide notice of the denial and the reasons for the denial by mail to the Settlement Class member whose claim was denied at the member's last known address.  Allegedly wrongfully denied claims will accrue from the date of notice.

3.6    Regarding covered claims already paid by Settlement Class members directly, ALLIED will reimburse the payment made by the Settlement Class member, less co-pays, deductibles and other Plan provisions, after learning from providers or Settlement Class Members that such payments had been made.  Other than by inquiry to providers, ALLIED is not obligated to research or otherwise learn whether Settlement Class members have already paid covered claims.  Any reductions will be explained in a notice mailed to the Settlement Class member.  ALLIED will make such reimbursement without request or claim by the Settlement Class members.

3.7    Any refunds received by ALLIED from providers not owing to Plan members or participants in the course of performing its payment and processing obligations may be retained by ALLIED.

3.8    PLAINTIFFS will move the District Court for Preliminary Approval of this Agreement no earlier than February 7, 2020.

3.9    The Parties agree that until February 7, 2020, none of the Parties will disclose the terms of this Agreement to anyone except under circumstances reasonably calculated to maintain the confidentiality of its terms consistent with applicable law.  Such confidentiality shall not apply to circumstances where the Parties are legally obligated to disclose or where disclosure is required for accounting or tax purposes.

3.10     The Settling Parties, no later than March 7, 2020, will participate in a settlement conference before Magistrate Judge Scott to attempt to negotiate the amount of attorneys' fees Settling Defendants will reimburse to PLAINTIFFS.  In the event the parties are unable to reach an agreement, PLAINTIFFS will file a Motion with Judge Guilford for reasonable attorneys' fees (not to exceed $1.75 million) and for incentive awards to named PLAINTIFFS (Class Representatives) only (not to exceed $5,000 each).

3.11     All Settling Defendants are jointly and severally liable for all financial obligations of this Agreement, including any attorneys' fees, whether agreed upon or awarded by motion.

3.12     PLAINTIFFS agree to forbear from any effort to seek payment from SHARMA before four months after final settlement approval by the Court.

3.13     This Agreement does not address PLAINTIFFS' costs (other than attorneys' fees) incurred in litigating the Action, and thus Plaintiffs are not releasing such costs and the Settling Parties, and each of them, have not agreed to responsibility for such costs.

## 4.     **CLASS NOTICE; FAIRNESS HEARING; OBJECTIONS; FINAL APPROVAL**

4.1     Allied possesses the last known addresses of members of the Settlement Class. ALLIED has no additional obligation, however, to research or otherwise learn class member contact information.

4.2     DEFENDANTS will bear the cost of class notice.  Notice of this settlement agreement will be provided by ALLIED by mailing a letter to the Settlement Class member's last known addresses only.  If ALLIED learns that a member's address has changed, ALLIED shall send notice to the new address. ALLIED has no obligation to research or otherwise learn whether any Settlement Class member had moved or where.  The parties will negotiate the text of the

6

class notice.  Failing agreement, the parties will ask Judge Guilford at the Fairness Hearing to resolve their differences with respect to the class notice.

4.3     Within ten (10) days of the Preliminary Approval Order, ALLIED will mail the notice advising members of the Settlement Class of the terms of the proposed settlement agreement and their right to object to the proposed settlement agreement.

4.4     Any member of the Settlement Class will have an opportunity to object to the Agreement, but may not opt out.  The Parties will request that the District Court order the following objection procedure:

    i.     Any Settlement Class member may object to this Agreement by filing, within thirty (30) days after the District Court has issued the Preliminary Approval Order, written objections with the District Court, with a copy of such objections served concurrently on Class Counsel by messenger delivery, FedEx or other overnight carrier delivery, First Class U.S. Mail delivery, and/or email.  Any Settlement Class member may also appear at the Court's Fairness Hearing.

    ii.     With respect to any and all objections to this Settlement Agreement received by Class Counsel, Class Counsel will provide a copy of each objection to counsel of record for Settling Defendants, by electronic-mail delivery, within two (2) court days after receipt of such objection.

    iii.     Responses by Class Counsel and/or Settling Defendants to any timely-filed objections will be filed with the District Court no less than five (5) days before the Fairness Hearing, or as otherwise ordered by the Court.

7

4.5     The Settling Parties will jointly request that the District Court schedule and conduct a Fairness Hearing to decide whether Final Approval of the Agreement will be granted. At the Fairness Hearing, the Settling Parties further will jointly move for entry of an order (1) dismissing the Released Claims with prejudice as against the Settling Defendants; and (2) retaining jurisdiction for the purposes of (a) ruling upon any motion for attorneys' fees, costs, and/or incentive awards, if still pending; and/or (b) resolving any disputes regarding compliance with this Agreement.

## 5.     ACKNOWLEDGEMENT OF CLASS CERTIFICATION

The Settling Parties agree that the Settlement Class has been certified in accordance with the standards applicable under Rule 23(b)(1) of the Federal Rules of Civil Procedure and that, accordingly, no Settlement Class member may opt out of any of the provisions of this Agreement should it be approved by the Court.

## 6.     RELEASE

6.1     Except for the obligations and rights created by this Agreement, the Class Representatives, and each of them, in their individual and representative capacities, agree to release and absolutely discharge the Settling Defendants, and each of them, from the Released Claims.

6.2     Notwithstanding the provisions of Section 6.1, nothing in this Agreement is intended to release any individual claims for wrongful denial under the terms of the Plan or claims processed under the terms of this Agreement that were wrongfully denied in whole or in part.

## 7.     GENERAL PROVISIONS

7.1     The Settling Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims.

8

7.2     The Settling Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the Released Claims.  The Settling Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.  This Agreement is entered into by the Settling Parties voluntarily, without any duress, and with input to each Settling Party solely from each Party's respective counsel.

7.3      The waiver by one Settling Party of any breach of this Agreement by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breaches of this Agreement.

7.4     This Agreement and its Exhibits set forth the entire agreement and understanding of the Settling Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.  No representations, warranties or inducements have been made to any Settling Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents, and no Settling Party is relying on any representations, warranties or covenants outside the terms of this Agreement.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

7.5      THE SETTLING DEFENDANTS, and each of them, on behalf of themselves only, represent and warrant that they have not assigned any claim or right or interest therein as against any of the other SETTLING DEFENDANTS related to the Released Claims to any other person or party and that they are fully entitled to release the same.

7.6     Each counsel or other person executing this Agreement on behalf of any Settling Party hereto hereby warrants and represents that such person has the full authority to do so and

9

has the authority to take appropriate action required or permitted to be taken pursuant to this Agreement to effectuate its terms.

7.7     This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Settling Parties to this Agreement all exchange original signed counterparts.

7.8     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

7.10    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and the Settling Parties hereto expressly and voluntarily submit to the jurisdiction of the Court for purposes of implementing and enforcing this Agreement.

7.11    This Agreement shall be governed by and construed in accordance with the laws of the United States of America.

7.12    This Agreement shall be deemed to have been prepared by counsel for all Settling Parties, as a result of arms' length negotiations among the Settling Parties.

## 8.    ALLIED'S SETTLEMENT WITH SOVERIEGN AND THE INDIVIDUAL DEFENDANTS.

8.1     ALLIED and SOVEREIGN, as well as Tonmoy Sharma, Kevin Gallagher, and David Tessers have entered into a settlement agreement whereby SOVEREIGN has agreed to indemnify ALLIED for all sums paid by Allied pursuant to this Agreement. The settlement agreement between ALLIED, SOVEREIGN, Tonmoy Sharma, Kevin Gallagher, and David Tessers is a separate agreement from this Agreement with the Class Representatives.

**AGREED TO AND ACCEPTED.**

KIMBERLY CUSACK-ACOCELLA

Dated: _1/21/2020_

By: _____

Settlement Class Representative

SCOTT LANGER

Dated: _____

By: _____

Settlement Class Representative

MICHAEL HENRY

Dated: _____

By: _____

Settlement Class Representative

11

**AGREED TO AND ACCEPTED.**

KIMBERLY CUSACK-ACOCELLA

Dated: _____

By:_____

Settlement Class Representative

SCOTT LANGER

Dated: __1|21|20__

By:_____

Settlement Class Representative

MICHAEL HENRY

Dated: _____

By:_____

Settlement Class Representative

11

**AGREED TO AND ACCEPTED.**

KIMBERLY CUSACK-ACOCELLA

Dated: _____

By:_____

Settlement Class Representative

SCOTT LANGER

Dated: _____

By:_____

Settlement Class Representative

MICHAEL HENRY

Dated: 18 January 2020

By:_____

Settlement Class Representative

11

JANICE SMOTHERS

Dated: 1/19/20

By: _Janice Smothers_

      Settlement Class Representative


GRACE OUDIN

Dated: _____

By:_____

      Settlement Class Representative


KASSI NYE

Dated: _____

By:_____

      Settlement Class Representative


LISE STEPHENS

Dated: _____

By:_____

      Settlement Class Representative

12

Settlement Class Representative

JANICE SMOTHERS

Dated: _____

By: _____

Settlement Class Representative

GRACE OUDIN

Dated: _02/04/19_____   By: _~G. Oudin_____

Settlement Class Representative

KASSI NYE

Dated: _____

By: _____

Settlement Class Representative

LISE STEVENS

12

JANICE SMOTHERS

Dated: _____

By:_____

Settlement Class Representative

GRACE OUDIN

Dated: _____

By:_____

Settlement Class Representative

KASSI  NYE

Dated: 1/21/2020

By:_____

Settlement Class Representative

LISE STEPHENS

Dated: _____

By:_____

Settlement Class Representative

12

JANICE SMOTHERS

Dated: _____

By:_____

      Settlement Class Representative

GRACE OUDIN

Dated: _____

By:_____

      Settlement Class Representative

KASSI  NYE

Dated: _____

By:_____

      Settlement Class Representative

LISE STEVENS

Dated: _____1/21/2020_____

By:_____

      Settlement Class Representative

12

LISE STEPHENS

Dated: _____

By:_____

Settlement Class Representative

Dated: 2/7/2020                        _____

TONMOY SHARMA

DUAL DIAGNOSIS TREATMENT CENTER,

INC., a California corporation doing business as

SOVEREIGN HEALTH

Dated: 2/7/2020        By: _____

ALLIED BENEFIT SYSTEMS, INC., an Illinois

corporation

Dated: _____        By: _____

13

Dated: _____          _____

                                  TONMOY SHARMA


                                  DUAL DIAGNOSIS TREATMENT CENTER,

                                  INC., a California corporation doing business as

                                  SOVEREIGN HEALTH


Dated: _____          By: _____


                                  ALLIED BENEFIT SYSTEMS, INC., an Illinois

                                  corporation


Dated: _Feb. 5, 2020_             By: _____

13

# EXHIBIT A-2

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into effective October 14, 2019 by and between: (1) the Class Representatives, for themselves and on behalf of the Settlement Class ("PLAINTIFFS"), (2) KEVIN GALLAGHER ("GALLAGHER"), and (3) DAVID TESSERS ("TESSERS").

1. **DEFINITIONS**

1.1    "Released Claims" means those claims for breach of fiduciary duty; co-fiduciary liability; and other equitable relief under the Employee Retirement Income Security Act ("ERISA") alleged in PLAINTIFFS' First Amended Complaint on file in the Action.

1.2    "Class Representatives" means named Plaintiffs KIMBERLY CUSACK-ACOCELLA, SCOTT LANGER, MICHAEL HENRY, JANICE SMOTHERS, GRACE OUDIN, KASSI NYE, and LISE STEVENS.

1.3    "Settlement Class" and "Class" means "All Plan participants (including all covered employees and covered dependents) in the 2017 Soverign Health Employee Benefits Plan (the "Plan") other than Tonmoy Sharma, Kevin Gallagher or David Tessers whose benefits claims Defendant ALLIED either (a) determined were covered under the Plan, but did not pay, or (b) did not process or make a coverage detemination."  (Dkt. 233)

1.4    "Settling Parties" means PLAINTIFFS, GALLAGHER and TESSERS.

1.5    "Settling Defendants" means GALLAGHER and TESSERS.

1.6    "Action" means the United States Cental District Court of California-Santa Ana, Case No. 8:18-cv-01009-AG (KESx) entitled, *KIMBERLY CUSACK-ACOCELLA, an individual; SCOTT LANGER, an individual; MICHAEL HENRY, an individual; JANICE SMOTHERS, an individual; and GRACE OUDIN, an individual, KASSI  NYE, an individual, and LISE STEVENS, an individual, on behalf of themselves and on behalf of all others similarly situated v. DUAL*

1

*DIAGNOSIS TREATMENT CENTER, INC., a California corporation doing business as
SOVEREIGN HEALTH; TONMOY SHARMA, an individual; KEVIN GALLAGHER, an
individual; DAVID TESSERS, an individual; and ALLIED BENEFIT SYSTEMS, INC., an Illinois
corporation.*

1.7     "Class Counsel" means Adam Friedenberg, Jonathan Eldredge, and Adam Rapp
of Glynn & Finley, LLP, and William B. Reilly of the Law Offices of William B. Reilly.

1.8     "Plan" means the 2017 Sovereign Health Employee Benefits Plan.

1.9     "Preliminary Approval" means the preliminary approval of this Settlement
Agreement by the District Court.

1.10    "Final Approval" means the order by the District Court, after notice and the
holding of the Fairness Hearing, granting approval of this Settlement Agreement under Rule
23(e) of the Federal Rules of Civil Procedure.

1.11    "Fairness Hearing" means the hearing to be held by the District Court, pursuant to
Rule 23(e) of the Federal Rules of Civil Procedure, to determine whether the settlement set forth
in this Agreement should be approved.

## RECITALS

Unless otherwise stated, the Recitals in this section are based on the contentions of the
Class Representatives.  By settling the Action the Settling Defendants do not admit the
allegations of the Class Representatives as reflected in these Recitals or in this Action.

A.  On June 7, 2018, PLAINTIFFS filed the Action (Dkt. 1).

B.  On October 9, 2018 PLAINTIFFS filed a First Amended Complaint, which alleged
    the following three claims: A claim under 29 U.S.C. section 1132(a)(2), a claim under
    29 U.S.C. section 1105, and a claim under 29 U.S.C. section 1132(a)(3). (Dkt. 60).

2

The First Amended Complaint charged, *inter alia,* that Settling Defendants committed numerous fiduciary breaches under ERISA and engaged in acts or omissions further subjecting them to co-fiduciary liability under 29 U.S.C. section 1105; and that further appropriate equitable relief was available under ERISA as against Settling Defendants.

C.  Settling Defendants filed answers denying the allegations.

D.  On October 8, 2019, the Court granted PLAINTIFFS' Supplemental Motion for Class Certifiction under Federal Rule of Civil Procedure 23(b)(1).  The Court certified the following class:

> All Plan Participants (including all covered employees and covered dependents) in the 2017 Sovereign Health Employee Benefits Plan (the "Plan") other than Tonmoy Sharma, Kevin Gallagher or David Tessers whose benefits claims Defendant Allied Benefit Systems, Inc. ("Allied") either a) determined were covered under the Plan, but did not pay, or b) did not process or make a coverage determination.

E.  The Settling Parties along with other defendants to this action participated in numerous settlement communications, one mediation, and one Mandatory Settlement Conference, after which they continued to discuss settlement.  A settlement was then reached, and it was placed on the record by Settling Parties' counsel on September 27, 2019, by and with the assistance of United States Magistrate Judge Karen Scott, which  settlement was by and between Class Representatives and the Class, on the one hand, and Defendants DUAL DIAGNOSIS TREATMENT CENTER, INC. ("SOVEREIGN"), TONMOY SHARMA ("SHARMA"), and ALLIED BENEFIT SYSTEMS, INC. ("ALLIED"), on the other hand.  Among other things, SOVEREIGN, SHARMA and ALLIED agreed to process and/or pay all unresolved covered claims under the PLAN (the "September 27, 2019 Settlement").

F.  Regarding the instant Agreement, both Class Counsel and the Class Representatives, on behalf of themselves and the Settlement Class, agree that the settlement set forth in

3

this Agreement is fair, reasonable, adequate, and in the best interests of the Class after

considering:  (a) the substantial benefits that the Class will obtain on behalf of the

Plan from settlement of the Action; (b) the attendant risks of continued litigation; and

(c) the desirability of permitting the Settlement to be consummated as provided by the

terms of this Agreement.  The Settling Defendants also agree that the settlement is

fair, reasonable, adequate, and in the best interests of the Settling Defendants based

on the contested legal issues involved, and the risks, uncertainty and cost of further

litigation.

G. No admission of liability is made or intended by this Agreement.  Settling Defendants

are entering this Agreement solely for the purpose of resolving disputed claims.

NOW, THEREFORE, in consideration of the following terms, covenants, and conditions,

and in reliance on the various representations and warranties set forth below, the Settling Parties

now desire to resolve the claims alleged in the Action, and they therefore agree as follows:

## 2.    <u>CONSIDERATION</u>

2.1     Settling Defendants agree that they are jointly and severally liable for all

monetary obligations of SOVEREIGN, SHARMA and/or ALLIED provided by the September

27, 2019 Settlement (with the exception of attorneys' fees, which are addressed in Section 3,

below).

2.2     The Class Representatives on behalf of themselves and the Class agree that they

shall forbear from any attempt to collect from GALLAGHER and/or TESSERS any amount

pursuant to Section 2.1, above, for a period of four months from the later of the execution of this

Agreement or the execution by ALLIED of a written agreement memorializing the September

27, 2019 Settlement.

2.3     The Class Representatives on behalf of themselves and the Class further agree
that they shall not attempt to to collect from GALLAGHER and/or TESSERS any amount
pursuant to Section 2.1, above, unless SOVEREIGN, SHARMA and ALLIED are in default of
their payment obligation under the September 27, 2019 Settlement.

2.4     The Settling Parties acknowledge that the September 27, 2019 Settlement may be
confirmed in a subsequent written agreement.  Any such written agreement shall not supersede,
limit or modify the obligations of GALLAGHER and TESSERS hereunder, and GALLAGHER
and TESSERS shall be liable for the obligations incurred herein, including the obligations set
forth in Section 2.1 above, even if a subsequent written agreement between Class
Representatives and Allied integrates and subsumes the terms placed on the record on September
27, 2019.

## 3.      **ATTORNEY'S FEES AND COSTS**

3.1     The Settling Parties, no later than March 7, 2020, will participate in a settlement
conference before Magistrate Judge Scott to attempt to negotiate the amount of attorneys' fees
and litigation costs Settling Defendants will reimburse to PLAINTIFFS.  In the event the Settling
Parties are unable to reach an agreement, PLAINTIFFS will file a Motion with Judge Guilford
for reasonable attorneys' fees and costs.

3.2     By entering this Agreement, Settling Defendants do not concede or agree to
liability in any amount for attorneys' fees or litigation costs.  Class Representatives and the Class
do not concede or compromise their right or claim to such fees and costs.

## 4.      **CLASS NOTICE; FAIRNESS HEARING; OBJECTIONS; FINAL APPROVAL**

4.1     The Settling Parties agree that notice of this Agreement will be provided to the
Settlement Class concurrently with notice of the September 27, 2019 Settlement, and in the same
manner and substantially the same form as notice of the September 27, 2019 Settlement.

4.2     Any member of the Settlement Class will have an opportunity to object to the Agreement, but may not opt out.  The Parties will request that the District Court order the following objection procedure:

i.     Any Settlement Class member may object to this Agreement by filing, within thirty (30) days after the District Court has issued the Preliminary Approval Order, written objections with the District Court, with a copy of such objections served concurrently on Class Counsel by messenger delivery, FedEx or other overnight carrier delivery, First Class U.S. Mail delivery, and/or email.  Any Settlement Class member may also appear at the Court's Fairness Hearing.

ii.     With respect to any and all objections to this Agreement received by Class Counsel, Class Counsel will provide a copy of each objection to counsel of record for Settling Defendants, by electronic-mail delivery, within two (2) court days after receipt of such objection.

iii.     Responses by Class Counsel and/or Settling Defendants to any timely-filed objections will be filed with the District Court no less than five (5) days before the Fairness Hearing, or as otherwise ordered by the Court.

4.3     The Parties will jointly request that the District Court schedule and conduct a Fairness Hearing to decide whether Final Approval of the Agreement will be granted.  At the Fairness Hearing, the Settling Parties further will jointly move for entry of an order (1) dismissing the Released Claims with prejudice as against the Settling Defendants; and (2) retaining jurisdiction for the purposes of (a) ruling upon any motion for attorneys' fees, costs, and/or incentive awards, if still pending; and/or (b) resolving any disputes regarding compliance with this Agreement.

5.   **ACKNOWLEDGEMENT OF CLASS CERTIFICATION**

5.1   The Parties agree that the Settlement Class has been certified in accordance with the standards applicable under Rule 23(b)(1) of the Federal Rules of Civil Procedure and that, accordingly, no Settlement Class member may opt out of any of the provisions of this Agreement should it be approved by the Court.

6.   **RELEASE**

6.1   Except for the obligations and rights created by this Agreement, and upon Final Approval, PLAINTIFFS, on behalf of themselves and the Settlement Class, agree to release and absolutely discharge the Settling Defendants from the Released Claims.

6.2   Nothing in this Agreement is intended to release any claims alleged or accrued as against SOVEREIGN, SHARMA and/or ALLIED, who are not parties hereto.

6.3   Nothing in this Agreement is intended to release any claims alleging wrongful denial of individual claims under the terms of the Plan or claims that otherwise could have been brought under 29 U.S.C. § 1132(a)(1)(B); claims that claims processed under the terms of this Agreement were wrongfully denied in whole or in part; or any other claims against any Settling Defendant that was not asserted in the Action.

7.   **GENERAL PROVISIONS**

7.1   The Settling Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims.

7.2   The Settling Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the Released Claims.  The Settling Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.  This Agreement is entered into by the Settling Parties voluntarily,

without any duress, and with input to each Settling Party solely from each Party's respective counsel.

7.3     The waiver by one Settling Party of any breach of this Agreement by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breaches of this Agreement.

7.4     This Agreement sets forth the entire agreement and understanding of the Settling Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.  No representations, warranties or inducements have been made to any Settling Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents, and no Settling Party is relying on any representations, warranties or covenants outside the terms of this Agreement.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

7.5     PLAINTIFFS, on behalf of themselves only, represent and warrant that they have not assigned any claim or right or interest therein as against the Settling Defendants related to the Released Claims to any other person or party and that they are fully entitled to release the same.

7.6     Each counsel or other person executing this Agreement on behalf of any Settling Party hereto hereby warrants and represents that such person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to this Agreement to effectuate its terms.

7.7     This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Settling Parties to this Agreement all exchange original signed counterparts.

7.8     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

7.9     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and the Settling Parties hereto expressly and voluntarily submit to the jurisdiction of the Court for purposes of implementing and enforcing this Agreement.

7.10    This Agreement shall be governed by and construed in accordance with the laws of the United States of America.

7.11    This Agreement shall be deemed to have been prepared by counsel for all Settling Parties, as a result of arms' length negotiations among the Settling Parties.

7.12    In the event of any legal action or proceeding arising out of this Agreement, or to enforce the terms of this Agreement, the prevailing party shall be entitled to recover all reasonable attorneys' fees, costs, and expenses incurred therein.


[SIGNATURE PAGE TO FOLLOW]

9

**AGREED TO AND ACCEPTED.**

KIMBERLY CUSACK-ACOCELLA

Dated: 1/21/2020

By: _____

Settlement Class Representative

SCOTT LANGER

Dated: _____

By: _____

Settlement Class Representative

MICHAEL HENRY

Dated: _____

By: _____

Settlement Class Representative

10

**AGREED TO AND ACCEPTED.**

KIMBERLY CUSACK-ACOCELLA

Dated: _____

By:_____

Settlement Class Representative

SCOTT LANGER

Dated: _1/2/20_

By:_____

Settlement Class Representative

MICHAEL HENRY

Dated: _____

By:_____

Settlement Class Representative

10

**AGREED TO AND ACCEPTED.**

KIMBERLY CUSACK-ACOCELLA

Dated: _____

By:_____

Settlement Class Representative

SCOTT LANGER

Dated: _____

By:_____

Settlement Class Representative

MICHAEL HENRY

Dated: 1F January 2020

By:_____

Settlement Class Representative

10

JANICE SMOTHERS

Dated: 1/19/20

By: _____

Settlement Class Representative

GRACE OUDIN

Dated: _____

By:_____

Settlement Class Representative

KASSI NYE

Dated: _____

By:_____

Settlement Class Representative

LISE STEVENS

Dated: _____

By:_____

11

JANICE SMOTHERS

Dated: _____

By: _____

       Settlement Class Representative

GRACE OUDIN

Dated: 01/26/2019

By: *G. Oudin* _____

       Settlement Class Representative

KASSI NYE

Dated: _____

By: _____

       Settlement Class Representative

LISE STEVENS

Dated: _____

By: _____

11

JANICE SMOTHERS

Dated: _____

By:_____

Settlement Class Representative

GRACE OUDIN

Dated: _____

By:_____

Settlement Class Representative

KASSI  NYE

Dated: 1/21/2020

By:_____

Settlement Class Representative

LISE STEVENS

Dated: _____

By:_____

11

JANICE SMOTHERS

Dated: _____

By:_____

        Settlement Class Representative

GRACE OUDIN

Dated: _____

By:_____

        Settlement Class Representative

KASSI  NYE

Dated: _____

By:_____

        Settlement Class Representative

LISE STEVENS

Dated: 1/21/2020_____

By:_____

        Settlement Class Representative

11

Settlement Class Representative

Dated: __10/15/19__                    _____

                                       KEVIN GALLAGHER

Dated: _____                By: _____

                                       DAVID TESSERS

12

Settlement Class Representative

Dated: _____        _____

KEVIN GALLAGHER

Dated: __10|17|2019__        By: _____

DAVID TESSERS