UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY CUSACK-ACOCELLA, an individual, SCOTT LANGER, an individual, MICHAEL HENRY, an individual, JANICE SMOTHERS, an individual, and GRACE OUDIN, an individual, KASSI NYE, an individual, and LISE STEPHENS, an individual, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DUAL DIAGNOSIS TREATMENT CENTER, INC., a California corporation doing business as SOVEREIGN HEALTH, TONMOY SHARMA, an individual, KEVIN GALLAGHER, an individual, DAVID TESSERS, an individual, and ALLIED BENEFIT SYSTEMS, INC., an Illinois corporation,<br><br>Defendants. | **Case No.** 8:18-cv-01009-ODW (KESx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL**<br><br>Date:     October 19, 2020<br>Time:    1:30 p.m.<br>Crtrm:   5D<br>Judge:   Hon. Otis D. Wright, II |

Plaintiffs' motion for Final Settlement Approval came on for hearing before the Court on October 19, 2020. Having considered the papers filed in support of the motion, the oppositions thereto, Plaintiffs' reply and the arguments of counsel, the Court **GRANTS** the motion, finding that the requirements of Federal Rule of Civil Procedure 23(e)(2) are met. The Court discusses each of the factors required to be addressed under that Rule (*Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012)), but further notes that additional evidence beyond that cited in this Order was submitted on the motion and further supports the Court's conclusions and this Order, which is based in part on the following findings:

1. The Class Representatives and Class Counsel have adequately represented the Class. The Court made findings regarding the representation of counsel and the Class Representatives in its Order certifying the Class (Dkt. No. 233 at 20) under Rule 23(a)(4), which are adopted by reference herein. Such findings are sufficient to meet the requirements of Rule 23(e)(4). *E.g., In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015).
2. The settlement was negotiated at arm's length, as evidenced by the robust litigation of merits and discovery, multiple attempts to mediate the matter, and repeated participation of Magistrate Judge Scott.
3. In light of the terms of the settlement, which provide for complete, self-executing relief resolving Class members' claims, trial and/or appeal of this matter would be wasteful and achieve nothing. No agreements respecting attorneys' fees or separate settlements among the Defendants suggest that Class members' rights were compromised for inappropriate reasons, or at all. *See* 2003 Adv. Cmte. Notes, Fed. R. Civ. P. 23(e).
4. The settlement treats members of the Class equitably with respect to one another as relief is dependent upon the outstanding unpaid and/or

unprocessed claims held by each member, but relief to each member of the Class is total.

5. Notice was provided to Class members in accordance with the Court's July 17, 2020 Order, but no objections were received. (Dkt. No. 262 at 13:9-11.)

Accordingly, the Court finds that the settlement of this action is fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), and hereby **ORDERS** as follows:

1. The proposed settlement is approved.
2. The Court retains jurisdiction over this action to administer the terms of the settlement agreements, entertain Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards, and enter judgment to the extent needed.

**IT IS SO ORDERED**.

Dated: October 20, 2020

Otis D. Wright, II
United States District Judge